UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABRYEL MICHOLE-MEENA WILDER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JAY ROBERT INSLEE, *et al.*, <br><br> Defendants. | Cause No. C21-0465RSL <br><br> ORDER REQUIRING A MORE DEFINITE STATEMENT |

On April 12, 2021, plaintiff's application to proceed *in forma pauperis* was granted and her complaint was accepted for filing. It is unclear how many plaintiffs there are, or their identities. The complaint itself identifies only Ms. Wilder, but in an attachment she identifies a number of "parents of" and "owners of" as plaintiffs. Some of these descriptors seem to apply to Ms. Wilder, but some could be third parties. It is also unclear how many defendants there are. The complaint lists three individuals: Governor Jay Inslee, King County Prosecutor Dan Satterberg, and Tianni Shane Harrison. In an attached "Statement of definite," Ms. Wilder does not include those three individuals, but identifies nine other individuals plus the "United States" and "a government entity for the State of Washington."

Plaintiff's attached "Statement of Facts" is a fifty-seven page narrative running from January 2007 to April 2021. It chronicles interactions with ex-husbands (only one of whom is

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 1

listed as a defendant), custody battles, allegations of child abuse, interactions with law enforcement and the judicial system, and Ms. Wilder's efforts to seek remedies for the wrongs allegedly done to her and her children. Most of the individuals mentioned in the narrative have not been named as defendants, and some of the named defendants are not mentioned in the narrative.

The Court, having reviewed the record as a whole under the standards articulated in 28 U.S.C. § 1915(e)(2) and having construed the allegations of the complaint liberally (*see Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003)), finds that plaintiff's complaint is deficient for the following reasons:

1. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint will be dismissed unless it states a cognizable legal theory that is supported by sufficient facts to state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). All well-pleaded allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144-45 (9th Cir. 2013). Although a complaint need not provide detailed factual allegations, it must give rise to something more than mere speculation that plaintiff has a right to relief. *Twombly*, 550 U.S. at 555.

Some of the named defendants are identified only in the lists of defendants, with no mention in the body of the complaint or in the attached narrative. These defendants - and the Court - would have to guess what acts they are supposed to have committed and how those acts relate to, much less establish, the various statutory and constitutional violations plaintiff asserts.

At a bare minimum, Rule 8(a) mandates that plaintiff "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint fails to serve this vital purpose as any defendant to whom no conduct is ascribed. In addition, the vast majority of the individuals mentioned in the narrative have not been named as defendants, and it is unclear how their alleged conduct could give rise to liability on the part of the putative defendants.

2. With regards to named defendants who are mentioned in the narratives attached to the complaint, it is virtually impossible to discern any set of facts which could give rise to liability under the criminal or civil rights statutes identified in the attachment to the complaint or under the First, Fifth, Eleventh, or Fourteenth Amendments to the U.S. Constitution.

3. To the extent plaintiff is seeking review of the state court's judgments and determinations in the underlying custody disputes, the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983). The doctrine arises from 28 U.S.C. § 1257 which grants jurisdiction to review a state court judgment in the United States Supreme Court and, by negative inference, prohibits lower federal courts from doing so. *Kougasian v .TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).

4. To the extent plaintiff is alleging that her employer is liable for sexual harassment and/or retaliation, the identity of the employer is unclear, and the Court cannot discern factual allegations (as opposed to conclusory assertions of wrongdoing) to support such a claim.

//

For all of the foregoing reasons, the Court declines to issue a summons in this matter. Plaintiff may have a viable claim against one or more of the persons named or discussed in the complaint, but, if so, it is well and truly hidden amongst the sprawling narrative provided. Plaintiff is hereby ORDERED to file on or before May 10, 2021, an amended complaint which clearly and concisely identifies the acts of which each named defendant is accused and how those acts violated plaintiff's legal rights. The Court recommends that, in place of a chronological narrative, plaintiff state the facts related to each defendant in separate section of the complaint so that his, her, or its conduct can be evaluated as a unified whole to determine whether there is a plausible claim that he, she, or it could be held liable to plaintiff. The key to filing an acceptable amended complaint will be providing enough facts that one could plausibly infer that plaintiff has a viable legal claim and a right to relief against that defendant. The amended complaint will replace the existing complaint in its entirety. Failure to timely file an amended complaint that asserts a plausible claim for relief will result in dismissal of this action.

The Clerk of Court is directed to place this Order Requiring More Definite Statement on the Court's calendar for consideration on Friday, May 14, 2021.

Dated this 12th day of April, 2021.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 4